UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | |
|---|---|
| JUANITA HERRERA VILLARREAL §<br>*Plaintiff*, §<br>§<br>v. §<br>§<br>ALLSTATE FIRE AND CASUALTY §<br>INSURANCE COMPANY §<br>*Defendants*. § | CASE NO. 2:20-cv-69 |

## DEFENDANT ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY'S NOTICE OF REMOVAL

Defendant Allstate Fire and Casualty Insurance Company ("Allstate") hereby removes this lawsuit which is currently pending in the County Court at Law in Val Verde County, Texas, Cause 20-098, to the United States District Court for the Western District of Texas, Del Rio Division, pursuant to 28 U.S.C. §§ 1441 and 1446, on the grounds of diversity of citizenship and amount in controversy, and respectfully shows the Court as follows:

### BACKGROUND

1. On November 2, 2020, Plaintiff filed her Original Petition styled *Juanita Herrera Villarreal v. Allstate Fire and Casualty Insurance Company*, in the County Court at Law, Val Verde County, Texas, Cause No. 20-098, in which Plaintiff alleges contractual causes of action based on a claim for underinsured motorist ("UIM") benefits. *See* Exhibit A.

2. Plaintiff served Defendant Allstate with Plaintiff's Original Petition and process on November 10, 2020, by certified mail on its registered agent. *See* Exhibit B.

3. Plaintiff seeks a declaratory judgment establishing her rights to UIM benefits under the subject insurance policy issued to Plaintiff by Allstate. *See Plaintiff's Original Petition,* Exhibit A at p. 2-3.

4.     Plaintiff affirmatively pleads that she "seeks monetary relief over $100,000.00 but not more than $200,000.00." *Id.* at p. 3.

5.     Plaintiff has not offered a binding stipulation of damages or in any way affirmatively limited her damages.

6.     Plaintiff has not demanded a jury trial.

### GROUNDS FOR REMOVAL

7.     This Court has original jurisdiction of this suit based on 28 U.S.C. § 1332(a) because this suit involves a controversy between citizens of different states and there is complete diversity between the parties at the time of the filing of the suit and at the time of the removal. Further, the amount in controversy, exclusive of interest and costs exceeds $75,000.00.

**A. Parties are Diverse**

8.     Plaintiff is a natural person who affirmatively alleges that she resides in Val Verde County, Texas. *See Plaintiff's Original Petition,* Exhibit A, p. 1.  Plaintiff has not pled any other facts of her residency, intention to leave Texas, or domiciles in other States.  *Id.*  Accordingly, Plaintiff's citizenship at the time of the filing of the suit and at the time of removal is properly established as the State of Texas. *See Hollinger v. Home State Mut. Ins. Co.,* 654 F.3d 564, 571 (5th Cir. 2011).

9.     Defendant Allstate Fire and Casualty Insurance Company, is an Illinois corporation with its principle place of business in Illinois and is a citizen of Illinois.

**B. Amount in Controversy**

10.    The party seeking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Grant v. Chevron Phillips Chem. Co. L.P.,* 309 F.3d 864, 868 (5th Cir. 2002).  The removing party may satisfy its burden by either

(1) demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000.00, or (2) "by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount." *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995).

11. Here, it is facially apparent from Plaintiff's petition that the claim exceeds $75,000.00. Specifically, under "Damages", Plaintiff's petition states that "[p]laintiff seeks monetary relief over $100,000.00, but not more than $200,000.00." *Plaintiff's Original Petition*, Exhibit A at p. 3.

12. Based on the foregoing, the amount in controversy exceeds $75,000.00.

## REMOVAL IS PROCEDURALLY PROPER

13. This notice of removal is timely filed within thirty (30) after service of process upon Defendant. *See* 28 U.S.C. §1441(b)(1).

14. Venue is proper in this Court under 28 U.S.C. §1441(a) because this District and Division of this Court embraces Val Verde County, Texas, the place where the State Court suit was filed.

15. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, and orders served upon Defendant in the state court action are attached herein as Exhibits A & B.

16. Allstate will supplement this pleading with the State Court Docket Sheet as soon as it is received from the County Court at Law in Val Verde County.

17. Pursuant to 28 U.S.C. §1446(d), Defendant will promptly provide a true and correct copy of this Notice of Removal to Plaintiff and to the Clerk of the County Court at Law, Val Verde County, Texas.

## PRAYER FOR RELIEF

18.     Defendant Allstate Fire and Casualty Insurance Company prays that the Court accept jurisdiction over the state court action, and grant Defendant any such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

**VALDEZ & TREVIÑO,
ATTORNEYS AT LAW, P.C.**
Callaghan Tower
8023 Vantage Drive, Suite 700
San Antonio, Texas 78230
Phone: 210–598–8686
Fax: 210–598–8797

  /s/ Michael M. Novak
**Robert E. Valdez**
State Bar No. 20428100
revaldez@valdeztrevino.com
**Michael M. Novak**
State Bar No. 24092905
mnovak@valdeztrevino.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I do hereby certify that the foregoing instrument was served on the following counsel this 7th day of December 2020, pursuant to Rule 5 of the Federal Rules of Civil Procedure, via email and e-service in the state court proceeding:

Jesus M. Dovalina
Jesus M. Dovalina
Law Offices of Jesus M. Dovalina, P.C.
117 E. Garfield Ave.
P.O. Drawer 1209
Del Rio, Texas 78841
*Counsel for Plaintiff*

                                              */s/* Michael M. Novak
                                              **Michael M. Novak**